STONE LAW GROUP, PLC
Shawn L. Stone, Bar No. 23558
3030 N. 3rd Street, Suite 200
Phoenix AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501
sstone@stonelawaz.com
*Attorney for Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>MATTHEW OSTROW AND TREA OSTROW,<br><br>            Debtors. | Chapter 7<br>Case No.: 2:20-bk-02667-BKM<br><br>**DEBTORS' MOTION FOR CONTEMPT AND SANCTIONS AGAINST:**<br><br>**ATTORNEY MICHAEL G. FLANAGAN DBA DEBT ENFORCEMENT LAW GROUP** |

Debtors, Matthew Ostrow and Trea Ostrow ("Debtors"), by and through undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 105(a), for a finding that attorney Michael G. Flanagan dba Debt Enforcement Law Group ("Attorney Flanagan") is in violation of the injunction within Debtors' Discharge Order, and as a contempt sanction, award to Debtors resulting damages, costs, and attorney's fees.

This Motion is supported by the accompanying Memorandum of Points and Authorities and Debtor's Declaration which are incorporated herein by this reference.

DATED: May 13, 2024.

                               STONE LAW GROUP, PLC

                               /s/ Shawn L. Stone

                               _____

                               By:    Shawn L. Stone
                                     Counsel for Debtors

<h1 style="text-align:center">MEMORANDUM OF POINTS AND AUTHORITIES</h1>

**A. Factual Background.**

At all times relevant hereto, attorney Michael G. Flanagan dba Debt Enforcement Law Group was acting on behalf of Video Symphony, LLC to collect a debt from Debtor Matthew Ostrow.

On March 12, 2020, Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Petition Date"). As of the Petition Date, Debtors were indebted to Video Symphony. Said debt was reduced to judgment by Attorney Flanagan in the Superior Court of California, County of Los Angeles on December 11, 2019 (Case No. 19CHLC11740).

Video Symphony was listed as a creditor on the Debtors' schedules of creditors. On March 17, 2020, the Clerk of Bankruptcy Court provided the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines to all creditors and parties in interest, including Video Symphony. [Docket No. 7]. On July 20, 2020, the Court granted Debtor a discharge pursuant to § 727(a). On July 22, 2020, the Clerk of Court provided notice of Debtor's discharge to all creditors and parties in interest, including Video Symphony. [Docket No. 28].

On March 12, 2024, despite notice of Debtors bankruptcy, Attorney Flanagan, as attorney for Video Symphony, caused a Writ of Execution in the amount of $53,559.79 to be issued by the Superior Court of California, County of Los Angeles ("Writ").

Said Writ was served on Matthew Ostrow's employer in April 2024 which and the wage garnishment started May 2024.

**B. A creditor who violates the discharge order can be sanctioned for the Debtors damages and attorney's fees.**

The discharge order under § 727(a) "discharges the debtor from all debts that arose before the date of the [bankruptcy filing]." § 727(b). To give effect to the discharge, § 524(a)(2) prescribes the discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" *See In re Aldrich*, 34 B.R. 776, 779 (9th Cir. BAP 1983) (explanation of how §§ 524 and 727 work together). A discharge violation must be pursued via a motion invoking the bankruptcy court's contempt powers embodied in § 105(a). *Walls ex rel Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002); *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).

To be subject to sanctions for violating the discharge injunction, a creditor's violation must be "willful". *In re Nash*, 464 B.R. 874, 880 (B.A.P. 9th Cir. 2012). A creditor acted "willfully" if (1) the creditor knew that the discharge injunction applied; and (2) the creditor intended the actions that violated the discharge injunction. *Id*. In determining the second prong, the court's focus is not on the creditor's subjective belief or intent, but on whether the creditor's conduct in fact violated the order at issue. *In re Bassett*, 255 B.R. 747, 758 (9th Cir. BAP 2000), *rev'd on other grounds*, 285 F.3d 882 (9th Cir. 2002). "A party's negligence or absence of intent to violate the discharge order is not a defense against a motion for contempt." *In re Jarvar*, 422 B.R. 242, 250 (Bankr. D. Mont. 2009).

To support contempt, the debtor must prove by clear and convincing evidence that the offending party violated the discharge order. *In re Zilog, Inc.*, 450 F.3d 996, 1007 9th Cir. 2006);

*In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003). The debtor bears this same burden to prove that sanctions are justified. *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1205 n.7 (9th Cir. 2008). If adequate proof is produced, the burden then shifts to the creditor to demonstrate why it was unable to comply with the discharge injunction. *In re Bennett*, 298 F.3d at 1069. If a bankruptcy court finds that a party has willfully violated the discharge injunction, it may award a debtor actual damages, punitive damages, and attorney's fees and costs. *In re Nash*, 464 B.R. at 880. The bankruptcy court has broad discretion in fashioning a remedy for violation of the discharge injunction. *In re Bassett*, 255 B.R. at 758.

**C. Video Symphony willfully and callously violated the Debtors discharge order and should be sanctioned for Debtor's damages and attorney's fees.**

Video Symphony learned, or was put on notice, of Debtors bankruptcy filing and discharge. Video Symphony was included as a creditor on the Debtor's schedules of creditors. The Clerk of Court provided notice of Debtors bankruptcy petition and discharge order to all listed creditors. Despite learning, or having notice, of debtors' bankruptcy and discharge, Video Symphony subsequently issued and delivered a billing statement to Debtor in an attempt to collect its debt.

As a result of Video Symphony's violation of the discharge order, Debtors incurred actual damages, attorney's fees and costs.

## III.    CONCLUSION.

Debtors request the entry of an order (i) finding Michael G. Flanagan dba Debt Enforcement Law Group in contempt for violation of the discharge order, (ii) awarding damages, both compensatory and punitive of no less than $000.00, plus all attorney's fees and costs incurred

in bringing this action against Michael G. Flanagan dba Debt Enforcement Law Group, for violation of the discharge order and injunction, and (iii) such other relief as is appropriate.

DATED: May 13, 2024.

STONE LAW GROUP, PLC

/s/ Shawn L. Stone

_____

By:    Shawn L. Stone
        Counsel for Debtor

DocuSign Envelope ID: AB131062-99CD-4FA6-AF62-A1683948881B

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

IN RE:

MATTHEW OSTROW AND TREA
OSTROW,

Debtors.

Chapter 7
Case No.: 2:20-bk-02667-BKM

**DECLARATION OF MATTHEW
OSTROW AND TREA OSTROW IN
SUPPORT OF DEBTORS' MOTION
FOR CONTEMPT AND SANCTIONS
AGAINST:**

**ATTORNEY MICHAEL G.
FLANAGAN DBA DEBT
ENFORCEMENT LAW GROUP**

I, Matthew Ostrow, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am a debtor in the above-referenced bankruptcy proceeding.

2. My bankruptcy petition was filed on March 12, 2020.

3. I have read the Motion for Contempt and Sanctions against Michael G. Flanagan dba Debt Enforcement Law Group prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

4.      I believe that this motion is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

5.      I believe the motion is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or create needless costs.

6.      I file this motion in good faith and solely for the purposes set forth in it.

DocuSigned by:

Date: _____          _____
      5/10/2024 | 2:22 PM MST                    6A95D9E3F8304CB...

Matthew Ostrow
Debtor